**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHARLES SUMLIN, | DOCKET NUMBER |
| Appellant, | AT-0752-19-0263-I-1 |
| v. | |
| SOCIAL SECURITY | DATE: May 23, 2024 |
| ADMINISTRATION, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Odis Williams, Esquire, Marietta, Georgia, for the appellant.

Natalie Liem, Esquire, Atlanta, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was employed with the agency as a GS-11 Claims Specialist. Initial Appeal File (IAF), Tab 1 at 1, 9. On September 20, 2018, the agency effected his removal based on the charge of absence without leave (160 specifications). *Id*. at 9-27. On February 8, 2019, the appellant filed the instant appeal disputing his removal and asserting that it was in retaliation for his having filed equal employment opportunity (EEO) complaints. *Id*. at 6. The administrative judge issued an order on timeliness, indicating that the appellant's appeal may have been untimely filed and ordering the appellant to file evidence and argument showing that he timely filed his appeal, and, if not, evidence and argument showing that good cause existed for the delay in filing. IAF, Tab 5. After the appellant failed to respond to the order, the administrative judge issued an initial decision dismissing the appeal as untimely filed. IAF, Tab 7, Initial Decision (ID). The appellant has filed a petition for review of the initial decision, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

An appellant bears the burden of proving by preponderant evidence that his appeal was timely filed.[2]  5 C.F.R. § 1201.56(b)(2)(i)(B).  When an appellant has been subjected to an action appealable to the Board and raises issues of prohibited discrimination, he may either file a timely formal complaint of discrimination with the agency, or a timely appeal with the Board, but not both. 5 C.F.R. § 1201.154(a).  Whichever he files first is deemed an election to proceed in that forum.  *Augustine v. Department of Justice*, 100 M.S.P.R. 156, ¶ 7 (2005). However, an appellant who has only filed an informal EEO complaint or pursued informal counseling has not elected either remedy and, thus, is not precluded from filing a Board appeal.  *Gonzales v. U.S. Postal Service*, 11 M.S.P.R. 574, 575-76 (1982).  If the appellant elects to file with the Board in the first instance, he must do so within 30 days of the effective date of the action being appealed or the date of receipt of the agency decision on the appealable action, whichever is later.  5 C.F.R. § 1201.154(a).  If he elects to file a formal complaint of discrimination with the agency, he has 30 days after receipt of the agency's resolution or final decision to file an appeal with the Board. 5 C.F.R. § 1201.154(b)(1).

On review, the appellant argues that, following his removal, he filed an EEO complaint for "wrongful termination."[3]  PFR File, Tab 1 at 3.  He claims that, in relation to the EEO complaint, he was informed on November 29, 2018, that he had 45 days to appeal to the Board.  *Id*.  He also asserts that the 35-day partial Government shutdown affected the filing deadline.  *Id*.  He has included the November 29, 2018 correspondence from the agency with his petition for review.  *Id*. at 5.  Thus, he implicitly argues that the administrative judge relied

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[3] The appellant has not indicated anywhere in the record the basis for his EEO complaint.

on an incorrect date in calculating the due date of an appeal to the Board because he had additional time to file due to his filing of the EEO complaint and the partial Government shutdown. *Id*. at 3.

The appellant did not raise this argument below. IAF, Tab 1. The Board will generally not consider an argument raised or evidence submitted for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has not explained why he could not have made this argument below or why the November 29, 2018 correspondence from the agency was not available to him when he filed his appeal with the Board on February 8, 2019.

Nevertheless, even considering this argument, we find that it would not change the outcome of his appeal. The only evidence in the record regarding the appellant's discrimination claim is the November 29, 2018 correspondence, which states that the appellant had "the right to file a formal EEO complaint of discrimination if [he chose] to do so."[4] PFR File, Tab 1 at 5. The record does not indicate that the appellant filed a formal complaint of discrimination with the agency; rather, it appears that he only filed an informal complaint. *Id*. In the absence of a formal EEO complaint, the deadlines set forth in 5 C.F.R. § 1201.154(b)(1), which provide individuals with additional time to file a Board appeal following the agency's resolution of an EEO complaint, are inapplicable to the appellant. *See Cranston v. U.S. Postal Service*, 106 M.S.P.R. 290, ¶ 8 & n.1 (2007) (observing that the time limit applicable to a mixed-case appeal did not apply because the appellant did not file a formal EEO complaint). Because the appellant did not contest timely receiving the removal decision, he had 30 days from the effective date of his removal, until October 22, 2018, to

---

[4] The November 29, 2018 letter does not state that the appellant had additional time to file a Board appeal; it does not address an appeal to the Board. PFR File, Tab 1 at 5.

appeal directly to the Board.[5]  *See* 5 C.F.R. §§ 1201.22(b)(1), 1201.23, 1201.154 (a); IAF, Tab 1 at 23.  It is undisputed that he did not file his appeal until February 8, 2019.  IAF, Tab 1.  Thus, we agree with the administrative judge that the appeal was untimely by over 3½ months.[6]  ID at 2.

If an appellant fails to file within the Board's time limits, as is the case here, the appeal may be dismissed as untimely filed unless good cause is shown for the delay.  *Cranston*, 106 M.S.P.R. 290, ¶ 8; 5 C.F.R. § 1201.22(c).  To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune, which similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).  If the appellant establishes good cause, waiver of the filing deadline is appropriate absent a showing of substantial prejudice to the agency.  *Boyd v. Department of Veterans Affairs*, 111 M.S.P.R. 116, ¶ 12 (2009).

Here, the appeal was filed over 3½ months after the filing deadline.  IAF, Tab 1.  This is considerably more than a minimal delay.  *See, e.g.,*

---

[5] Thirty days from the effective date of the removal was technically October 20, 2018. However, because October 20, 2018, was a Saturday, the appellant's official filing deadline was the following Monday, October 22, 2018. *See* 5 C.F.R. § 1201.23.

[6] The administrative judge specifically found that the appeal was untimely filed by 111 days. ID at 2. He stated that the due date was October 20, 2018, ID at 2, and he did not consider the 2-day extension pursuant to 5 C.F.R. § 1201.23. Given the actual due date of October 22, 2018, the appellant's February 8, 2019 appeal was untimely by 109 days.

*Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 8 (2006) (finding that a 9-day delay was not minimal); *Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶ 8 (2004) (concluding that a 14-day delay was not minimal). The appellant was not pro se and has not alleged that circumstances existed beyond his control that prevented him from filing an appeal on time. IAF, Tab 1; PFR File, Tab 1 at 3. Moreover, in the removal decision, the agency informed the appellant that, if he elected to appeal the removal to the Board, such an appeal must be filed no later than 30 calendar days after the effective date of the removal. IAF, Tab 1 at 25. Thus, the appellant was on notice of the filing deadline.

On review, the appellant argues that his lawyer failed to provide "evidence" to the administrative judge. PFR File, Tab 1 at 3. It is unclear if the appellant is referring to evidence on the issue of timeliness or evidence regarding the merits of his removal appeal. Regardless, an appellant is responsible for the errors of his chosen representative unless he shows that his diligent efforts to prosecute his appeal were thwarted, without his knowledge, by his attorney's deceptions and negligence. *See, e.g., Belcher v. U.S. Postal Service*, 101 M.S.P.R. 58, ¶ 7 (2006). In this instance, the appellant has not alleged that his attorney attempted to thwart his efforts to file a timely appeal. Based on the foregoing, we find that good cause does not exist to waive the appellant's late filing.

Therefore, we deny the appellant's petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

                                                  Gina K. Grippando
                                                  Clerk of the Board

Washington, D.C.